[No. 33518.   Department One.   February 9, 1956.]

W. E. ALLEN, *Respondent*, v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Appellant.*[1]

*The Attorney General* and *Lyman T. Johnston, Jr., Assistant,* for appellant.

MALLERY, J.—When the claimant herein was about fifty-two years of age, he suffered a back injury while working for the Northern Pacific railroad.  Such employment is not covered by the workmen's compensation act.  He was hospitalized for a week and disabled for several months thereafter.  The record shows that he suffered a twenty-per-cent disability by reason of arthritis of the back from that time on.  Nevertheless, he did hard work until 1947, after which time he only worked at odd jobs prior to going to work for John Relfe, the employer herein.

On July 7, 1952, he was digging a basement under an apartment house, when the foundation wall caved in.  The claimant wrenched and strained his back in jumping out of the way.  He rested a few minutes before climbing out of the excavation, and his back began to hurt about ten min-

[1] Reported in 293 P. (2d) 391.

utes later. He was then sixty-four years of age and has not worked since.

On July 15, 1952, he filed a claim for his injury. It was allowed for medical treatment and time-loss compensation until November 11, 1952, but it did not include an award for any degree of permanent partial disability.

For that reason, claimant appealed to the board of industrial insurance appeals, and, on June 14, 1954, it awarded him ten per cent of the amount allowable for unspecified permanent partial disability.

Claimant appealed to the superior court from the award. It reversed the order of the board of industrial insurance appeals, and ordered the department to pay claimant a sum equal to thirty per cent of the maximum amount allowed for unspecified disability. The department appeals.

The medical testimony most favorable to respondent was given by his witness, Dr. William E. Grieve, a specialist of orthopedics and fractures, who testified to the effect that respondent's trouble was arthritis in the lower back, amounting to a thirty-per-cent disability of the maximum for an unspecified injury. He attributed twenty per cent of this disability to respondent's age and arthritis existing prior to the injury here in question, and the remaining ten per cent to the injury.

The testimony of Dr. Norman R. Brown, an orthopedic surgeon who testified for the department, was less favorable to respondent than that of Dr. Grieve. He concluded that none of the permanent disability was attributable to the injury in question. His conclusions were based upon four X rays of respondent's spine taken December 12, 1952, and upon his physical examination of respondent on May 18, 1953.

While Dr. Grieve's testimony is sufficient to sustain a finding that respondent was suffering from a thirty-per-cent disability in September, 1953, there is no testimony in the record upon which more than ten per cent of that disability is attributable to the injury in question. RCW 51-

.32.080 (5) [*cf.* Rem. Supp. 1949, § 7679, part] provides, *inter alia*:

"Should a workman receive an injury to a . . . part of his body already . . . permanently partially disabled, resulting . . . in an aggravation or increase in such permanent partial disability . . . , his compensation for such partial disability shall be adjudged with regard to the previous disability of the injured member or part. . . ."

The statute in question requires the reversal of the trial court for the reason that the record does not sustain a finding of thirty-per-cent disability *which can be attributed to the injury in question.*

The finding of the board of industrial insurance appeals was correct.

The judgment is reversed.

HAMLEY, C. J., SCHWELLENBACH, DONWORTH, and OTT, JJ., concur.