648

[No. 34271. Department One. January 30, 1958.]

KENNETH ENEVOLD, *Appellant*, v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Respondent*.[1]

*Leo H. Fredrickson*, for appellant.

*The Attorney General* and *James E. Nelson, Assistant*, for respondent.

MALLERY, J.—The claimant suffered from a spastic condition, from which he was permanently partially disabled, prior to the time he engaged in extrahazardous employment. After he engaged in extrahazardous employment, he suffered an injury to his back that produced an additional permanent partial disability, which is compensable under the industrial insurance act, and for which he was awarded thirty per cent of the maximum allowable for unspecified disabilities by the supervisor of the department of labor and industries.

[1] Reported in 320 P. (2d) 1096.

The claimant appealed from this award to the board of industrial insurance appeals, but the appeal was denied because the department reassumed jurisdiction of the claim for further investigation, pursuant to RCW 51.52.060. By order of the supervisor, the claim was closed with an additional award of fifteen per cent, making a total award of forty-five per cent of the maximum allowable for unspecified disability.

Claimant again appealed to the board of industrial insurance appeals. After a hearing, the board entered an order sustaining the award of the supervisor, from which order claimant appealed to the superior court of Spokane county.

The court granted a motion to dismiss the appeal upon the ground that there was no evidence in the record to sustain a verdict in a greater amount than that provided for in the award. The claimant appeals.

▇ The appellant offered the testimony of but one doctor before the board of industrial insurance appeals, who was unable to segregate and apportion the amount of appellant's permanent partial disability attributable to his pre-existing spastic condition and his back injury. RCW 51-.32.080 (5) [cf. Rem. Supp. 1949, § 7679, part] requires that such a segregation and apportionment be made. *Allen v. Department of Labor & Industries*, 48 Wn. (2d) 317, 293 P. (2d) 391. He, therefore, does not and cannot predicate his appeal upon his doctor's evidence.

The appellant's compensable permanent partial disability is designated as *unspecified disability* in RCW 51.32.080 [cf. Rem. Supp. 1949, § 7679, part], the pertinent part of which provides:

"(2) Compensation for any other permanent partial disability shall be in the proportion which the extent of such other disability, called unspecified disability, shall bear to that above specified, which most closely resembles and approximates in degree of disability such other disability, but not *in any case* to exceed the sum of six thousand dollars:" (Italics ours.)

An unspecified disability such as the one here in question, which cannot be related to any of the specified disabilities,

must be considered *in any case* as having the maximum limit of compensability fixed at six thousand dollars, or in other words, six thousand dollars is the maximum amount of compensation allowable for an unspecified injury however disabling, unless the disability is, in fact, total rather than partial disability.

The doctors who testified for the department rated the appellant's permanent partial disability at forty-five per cent of the maximum for an unspecified disability. Dr. Wallace, who had rated appellant's disability at forty-five per cent of the unspecified disability, testified:

"Q. If you were to base your award on loss of physical function such as is encountered by a man who actually loses a limb by amputation, based upon that form of rating and assuming 100% permanent partial disability still means partial disability, based upon that standard what would your rating be of Mr. Enevold's disability? [COLLOQUY] A. I would rate him as I have."

Dr. Kessler, who had fixed appellant's disability at forty-five per cent of the unspecified disability, testified:

"Q. Doctor, if we assume that a person who is 100% permanently partially disabled, that he can still be gainfully employed in some gainful occupation as distinguished from permanent and total disability, would that change your rating which you arrived at at the time of your examination with Dr. Wallace? A. No."

▮ Appellant contends that the doctors' methods of rating his degree of unspecified disability was not upon a proper basis, because it was related to total disability instead of a partial disability. It is his theory that total disability is so much different from partial disability that a reference to the former, instead of the latter, results in a material decrease in rating the award. We do not agree.

If total disability means one hundred per cent disability, partial disability must be some percentage of disability smaller than one hundred per cent. There is, of course, a dividing line between total and partial disabilities, but like a geometric line without width, it need not be by a margin of any particular percentage. It follows that the per cent of

unspecified disability, which the doctors fixed, would be the same whether related to total disability or a partial disability barely over the line from total disability, which was designated in this case as one hundred per cent partial disability.

The doctors' methods of fixing the per cent of the appellant's unspecified disability were not invalid or a nullity. In view of the language used in the statute, no better method has been suggested by which to designate the degree of a workman's unspecified partial disability as related to the maximum award permitted.

There is no evidence in the record which would sustain a finding by a jury of an award in excess of the forty-five per cent for unspecified disability, which was affirmed by the board of industrial insurance appeals.

In such a case, the trial court was correct in dismissing the appeal. *Allen v. Department of Labor & Industries, supra.*

The judgment is affirmed.

HILL, C. J., WEAVER, and OTT, JJ., concur.

ROSELLINI, J., concurs in the result.

---

April 24, 1958. Petition for rehearing denied.