[No. 39614.   Department One.   December 13, 1968.]

FRED VOSHALO, *Respondent,* v. THE DEPARTMENT OF LABOR
AND INDUSTRIES, *Appellant.**

The Attorney General, Gordon L. Bovey, John T. Krall, and *Thomas R. Chapman, Assistants,* for appellant.
*Fredrickson, Maxey & Bell,* for respondent.

McGOVERN, J.—May 8, 1964, Fred Voshalo was injured while engaged in the course of his employment. On June 12, 1964, he filed his report of accident with the state Department of Labor and Industries, hereinafter designated "Department." The claim was accepted, medical treatment provided and ultimately a closing order was entered on January 27, 1965. No award for permanent partial disability was granted. Mr. Voshalo then filed his notice of appeal to the Board of Industrial Insurance Appeals, hereafter referred to as the "Board."

In the meanwhile, on July 10, 1964, Mr. Voshalo was again injured. He was still employed by the Clayloon Company, Inc., and was again engaged in the course of his employment. That claim was also accepted and medical treatment afforded. On January 8, 1965, the Department issued an order awarding Mr. Voshalo, on account of the injury, a monetary sum equal to 10 per cent of the maxi-

*Reported in 449 P.2d 95.

mum allowable for the amputation value of his left arm so near the shoulder that an artificial arm cannot be worn. Mr. Voshalo appealed from that order.

The Board consolidated the claims on appeal, considered the evidence and subsequently entered a decree affirming the orders of the Department. Mr. Voshalo again appealed —this time to the Superior Court for Spokane County.

Findings of fact, conclusions of law and a decree based thereon were entered by the superior court following a trial to it on the record. The order of the Board was reversed and the Department directed to pay Mr. Voshalo a sum equal to 30 per cent of the maximum allowable for the amputation value of the left arm so near the shoulder that a prosthesis cannot be worn. Now the Department appeals.

The sole issue before us is the sufficiency of the evidence to support the award of the trial court. The Department alleges that the award conferred by the court, and expressed in terms of degree of disability, exceeded the degree of disability attributed to the accidents by all of the medical experts and therefore reversible as a matter of law.

The record reveals that, along with the medical testimony, Mr. Voshalo stated that he was then 50 years of age, had performed hard manual labor all of his adult life, was only capable of that type employment, always performed his job tasks without difficulty, had suffered no prior disability with the left arm or shoulder and that, because of the injuries sustained, has been unable to work since the last accident. He stated that his formal school education was terminated in the 9th grade. His supervisor at work then confirmed the fact that Mr. Voshalo performed his labor tasks seemingly without difficulty.

Two orthopedic surgeons testified, Dr. George Bagby for Mr. Voshalo and Dr. William Grieve for the Department. They were in agreement that Mr. Voshalo had an arthritic condition in the left elbow that predated the accidents. They were also in agreement that Mr. Voshalo is permanently partially disabled at the left shoulder and arm, that the disability is causally related to the accidents and that

Mr. Voshalo should never return to hard labor employment.

They were not, however, in agreement as to the extent of Mr. Voshalo's permanent partial disability. Dr. Bagby testified to that subject as follows:

Q. . . . . If you were to rate Mr. Oshalo's [sic] permanent, partial disability, based on a loss of physical function, and for the moment let us relate it to the arm or shoulder, what would your rating be in terms of loss of physical function? A. In the left upper extremity I would rate him 20% of that of an amputation through the left or minor shoulder.

Dr. Grieve, on the other hand, was questioned and answered as follows:

Q. Are you able Dr. Grieve, to form an opinion as to the total disability the man suffered in this elbow and shoulder, including everything that was wrong with that member of his body? A. Well, I think he has got about a 50 per cent disability of the left arm. Q. At what level? A. At the shoulder. Due to the arthritis as well as the injury.

Nor did they concur when they attempted to designate the exact percentage of that total disability that each would attribute to the industrial injuries. Dr. Bagby said that the 1964 injuries were contributing to Mr. Voshalo's permanent partial disability but that he was unable to testify to the degree of that participation.

Q. . . . . I asked if from all the facts you have in this accident, did this accident cause or contribute to some of his disability? . . . . A. I don't know.

Dr. Grieve, however, testified to a degree with specificity.

A. . . . . I believe the aggravation of the preexisting arthritis in the shoulder and elbow has resulted in a permanent, partial disability of 10 per cent of that due to loss at the left arm at the shoulder by amputation. Q. This rating of 10 per cent permanent partial disability, this is what, the result of the injury to him on the job? A. Yes.

■ On the strength of that record, the Department argues that *Allen v. Department of Labor & Indus.,* 48

Wn.2d. 317, 293 P.2d 391 (1956), is applicable. We agree. There, as here, Dr. Grieve's testimony was the most favorable to claimant. He found a 30 per cent total disability, but attributed only 10 per cent of that disability to the injury. Yet the trial court granted a 30 per cent award. In reversing, we said:

> While Dr. Grieve's testimony is sufficient to sustain a finding that respondent was suffering from a thirty-percent disability in September, 1953, there is no testimony in the record upon which more than ten per cent of that disability is attributable to the injury in question. RCW 51.32.080(5) [*cf.* Rem. Supp. 1949, § 7679, part] provides, *inter alia:*
>
> "Should a workman receive an injury to a . . . part of his body already . . . permanently partially disabled, resulting . . . in an aggravation or increase in such permanent partial disability . . . , his compensation for such partial disability shall be adjudged with regard to the previous disability of the injured member or part. . . ."
>
> The statute in question requires the reversal of the trial court for the reason that the record does not sustain a finding of thirty-per-cent disability *which can be attributed to the injury in question.* [Quoting from *Allen v. Department of Labor & Indus., supra,* at 318-19.]

The conclusion reached by this court in *Allen* is, for the same reason, determinative here. The finding of the Department, as affirmed by the Board, was correct.

The judgment is reversed.

HILL, WEAVER, and HALE, JJ., and GAINES, J. Pro Tem., concur.