[No. 1354-3. Division Three. January 30, 1976.]

ERNEST ZIEGLER, *Respondent*, v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Respondent*, WEYERHAEUSER COMPANY, *Appellant*.

*Winston, Cashatt, Repsold, McNichols, Connelly & Driscoll* and *Michael J. Cronin,* for appellant.

*Slade Gorton, Attorney General,* and *Gayle Barry, Assistant,* and *Thomas Milby Smith,* for respondents.

Munson, J.—The Weyerhaeuser Company, employer, appeals from a judgment awarding Ernest Ziegler, a former employee and the claimant herein, an additional 22½ percent of the maximum allowable for unspecified disabilities resulting from an industrial injury which occurred December 9, 1957.

The appellant claims, among other things, that the claimant's medical testimony failed to segregate the amount of disability attributable to the industrial accident as opposed to that attributable to a preexisting unrelated condition of osteoarthritis. We agree.

On December 9, 1957, claimant suffered an injury to his low back while working for appellant. The claim was closed in 1960.[1]

On March 22, 1971, claimant filed this application to re-

---

[1] In 1960, the department closed the claim with an order paying permanent partial disability of 45 percent of the maximum allowable for unspecified disabilities, less 22½ percent paid on claim No. C-435287 and less 5 percent previously paid on claim No. C-490318.

In response to claimant's request to reopen because of aggravation, the department, on April 12, 1966, entered an order finding no additional disability attributable to the injury. That order also segregated and denied responsibility for nervousness, gastric ulcers, prostatitis, and specifically found that claimant's worsened condition was due to the natural progression of preexisting osteoarthritis in his back, all of which were unrelated to the industrial injury. The claimant appealed to the Board of Industrial Insurance Appeals, which action culminated on March 29, 1968, with the board sustaining the department's order. The claimant filed a notice of appeal in Superior Court, but that appeal was dismissed September 12, 1968, without being heard.

On July 26, 1969, the claimant again applied to reopen this claim based on aggravation; the department denied the application; claimant's appeal to the board was dismissed.

open, claiming aggravation. The department denied the application; the claimant appealed to the board, which conducted testimonial hearings. Upon completion of those hearings, the board found that, although the claimant's back condition did worsen between 1966 and 1971, the worsening was due to the natural progression of a preexisting osteoarthritic condition unrelated to the industrial injury of December 9, 1957. The claimant appealed to the Superior Court; a jury awarded him a 22½ percent increase in disability; the employer appealed.

■ The elements necessary to establish a claim of aggravation are set forth in *Phillips v. Department of Labor & Indus.*, 49 Wn.2d 195, 197, 298 P.2d 1117 (1956). Where there exists a prior unrelated disabling condition, the complainant must also demonstrate the amount of increased disability resulting from the industrial injury as opposed to that resulting from the unrelated preexisting nonindustrial condition, thereby segregating the two. In *Orr v. Department of Labor & Indus.*, 10 Wn. App. 697, 701-02, 519 P.2d 1334 (1974), the court stated:

> Mr. Orr acknowledged that prior to the 1968 injury he had continuing symptoms in his low back which in some ways incapacitated him. It is clear that his condition was not dormant, inactive or quiescent. It therefore became incumbent upon claimant's doctor to segregate the preexisting disability from the disabling condition he found in claimant's back at the time of his examination in 1971. The doctor's testimony established only his opinion of claimant's overall back disability at the time of his examination. To predicate a finding of permanent partial disability upon that testimony would have been misleading to the jury because the jury could not designate the amount of permanent partial disability attributed solely to the last injury. *Allen v. Department of Labor & Indus.*, 48 Wn.2d 317, 293 P.2d 391 (1956).

While both claimant's physicians testified that he was totally disabled, neither testified to the amount of disability resulting from the industrial injury as contrasted to that arising from the preexisting osteoarthritic condition, nor

were either able to segregate the two conditions.[2] Neither Dr. Wagner's testimony that he believed the industrial injury was a "major cause of total disability" nor Dr. Fisher's testimony that he recognized a portion of the claimant's problem was degenerative joint disease, which was also progressing, is sufficient to establish the necessary legal requirement that there be a segregation of the debilitating conditions.

> To predicate a finding of permanent partial disability upon that testimony would have been misleading to the jury because the jury could not designate the amount of permanent partial disability attributed solely to the last injury.

*Orr v. Department of Labor & Indus.*, *supra* at 702.

The claimant's medical testimony was insufficient as a matter of law to allow submission of the case to the jury. Having reached this conclusion, the other assignments of error need not be considered.

Judgment is reversed and the order of the board reinstated.

McINTURFF, C.J., and GREEN, J., concur.

Petition for rehearing denied June 21, 1976.

---

[2]Dr. Fisher testified:

"It is my opinion that, separate and distinct from osteoarthritic involvement and as a direct and proximate result of the effects of the December 1957 injury, between April 12, 1966 and September 26, 1969 there was probably an aggravation which would result in increased disability, but I cannot state the degree of increase as referred to in a previous answer, because I believe he was totally disabled in 1966, and he is still totally and permanently disabled.

". . .

"One must take the patient as he is, a combination of osteoarthritis and the industrial accident, *and these two cannot be separated, and his aggravation is probably a combination of worsening of both conditions* . . ." (Italics ours.)

And Dr. Wagner testified:

"I believe his industrial injury is the major cause of total disability.

. . .

". . .

"I am not able to distinguish clearly between the affects [sic] of osteoarthritis and the injury; however considering that an injury did occur to the back . . . confirms my opinion that the injury is the causitive [sic] factor."