**Curly G. BRASHER, Petitioner,**

v.

**The INDUSTRIAL COMMISSION OF the STATE of Colorado, Department of Labor and Employment, Safeway Stores, Inc., and Home Insurance Company, Respondents.**

No. 85CA0201.

Colorado Court of Appeals,
Div. III.

Dec. 12, 1985.

Rehearing Denied Jan. 30, 1986.

Certiorari Granted (Brasher)
April 7, 1986.

Dawes and Crane, P.C., Robert C. Dawes, Durango, for petitioner.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Robert C. Lehnert, Asst. Atty. Gen., Denver, for respondents Industrial Com'n and Dept. of Labor and Employment.

Watson, Nathan & Bremer, P.C., Anne Smith Myers, Denver, for respondent Safeway Stores, Inc.

No appearance for respondent Home Ins. Co.

BERMAN, Judge.

Workmen's compensation claimant, Curly Brasher, seeks review of a final order of the Industrial Commission denying his petition to reopen. We affirm.

Claimant contends that the Industrial Commission misconstrued § 8–53–113, C.R.S. (1985 Cum.Supp.) by reading into it a requirement that "change in condition" means physical change of claimant. We disagree that the Commission misconstrued the meaning of the statute.

The phrase "change in condition" in § 8–53–113 refers to a change in the physical condition of claimant, and not to changes in economic circumstances. *Lucero v. Industrial Commission*, 710 P.2d 1191 (Colo.App.1985).

Claimant also contends that Industrial Commission Rule X B, 7 Code Colo. Reg. 1101–3, is either inapplicable to a petition to reopen based on change of economic conditions or that the Commission acted in excess of its authority in adopting such a rule. Again we disagree.

Industrial Commission Rule X B provides that an applicant petitioning to reopen a claim on the grounds of changed condition must submit a physician's report showing, among other things, "how his/her condition has worsened or improved and estimating the percentage of impairment...." There is no inconsistency between this rule and § 8–53–113 and, thus, no error in the Commission's denial of claimant's petition to reopen. *Lucero v. Industrial Commission, supra.*

Order affirmed.

TURSI and METZGER, JJ., concur.