Sylvia SNIPES, Petitioner,

v.

**DISTRICT OF COLUMBIA DEPART-
MENT OF EMPLOYMENT
SERVICES, Respondent,**

Hair Lox and Liberty Mutual
Insurance Company,
Intervenors.

No. 87–177.

District of Columbia Court of Appeals.

Argued March 10, 1988.
Decided June 10, 1988.

Richard W. Galiher, Jr., Washington, D.C., for petitioner.

Charles L. Reischel, Deputy Corp. Counsel, and N. Denise Wilson–Taylor, Asst. Corp. Counsel, Washington, D.C., entered appearances, for respondent.

Robert P. Scanlon, Rockville, Md., for intervenors.

Before PRYOR, Chief Judge, STEADMAN, Associate Judge, and GALLAGHER, Senior Judge.

STEADMAN, Associate Judge:

Petitioner Snipes was injured in an on-the-job accident in late 1982 and received temporary total benefit payments under the District of Columbia Workers' Compensation Act, D.C.Code § 36–301 to –344 (1981) (the "Act"). In May of 1983, the carrier determined that Snipes had fully recovered and terminated payments. After a hearing pursuant to the Act, Snipes's claim for benefits subsequent to the cut-off date was denied in an order which became final on April 1, 1984. No appeal was taken to this court. Several months later, Snipes sought to have the case heard for further review on the ground of "a change of conditions" under D.C. Code § 36–324. The request was denied. Snipes appealed to this court. We affirm the order of denial.

## I.

The controlling statutory provision dealing with modification of final decisions under the Act, pursuant to which Snipes made application, is D.C.Code § 36–324, which provides in pertinent part:

> [A]t any time prior to 1 year after the rejection of a claim ... the Mayor may, upon his own initiative or upon application of a party in interest, order a review of a compensation case pursuant to the procedures provided in § 36–320 [governing the evidentiary hearing process] where there is reason to believe that a change of conditions has occurred which raises issues concerning:
>
> 1) The fact or the degree of disability or the amount of compensation payable pursuant thereto....

The Mayor has delegated responsibility under the statute to the Director of the Department of Employment Services ("DOES"). Mayor's Order 82–126, D.C. Reg. 21–43 (1982).

Snipes's attempt to seek review of her denied claim to continued benefits began with a letter to DOES from her newly retained counsel on June 20, 1984. An "Application for Formal Hearing" was filed on October 24, 1984, on a DOES form used to request a hearing on workers' compensation claims generally. As completed by Snipes, it gave no indication that a request for review was at issue but simply stated that "claimant suffered a back injury and has been refused medical treatment, and wage loss payments during disability." Nothing was said about changed conditions since the final order denying the claim.

On November 6, 1984, Snipes's employer filed a "Motion to Dismiss Application for Formal Hearing Filed by Claimant." In the motion, the employer pointed out that Snipes's claim for further benefit payments had been denied, following a hearing, by an order that became final on April 1, 1984. It asserted that Snipes was merely seeking to relitigate issues already decided against her and that no allegations of change of conditions in the case had been made.[1]

In response to this motion, Snipes promptly filed an opposition asserting that her application involved issues not previously litigated and, inferentially, that a change of condition had occurred. She identified those issues as a) liability for medical expenses of a Dr. Ng which the employer/insurer refused to pay, and b) chronic pain syndrome not considered in arriving at the prior order.

On November 9, 1984, a one-sentence order was entered dismissing the application. Ten days later, on November 19, Snipes filed a "Motion for Reconsideration and Hearing on the Employer/Carrier's Motion to Dismiss Application for Formal Hearing Filed by Claimant." She pointed out that the order was silent on the reason-

---

1. As an alternative ground of disposition, the employer asserted that the formal application had been filed too late under applicable DOES regulations. Although the Director's final order in a footnote states that "it appears" that Snipes's application for a hearing should have been rejected on that ground, neither he nor the hearing examiner relied on that ground, and in any event the application of the regulatory provision to the facts of this case appears uncertain. We therefore dispose of the appeal on the merits.

ing and basis why the formal hearing request was dismissed, asserted that DOES had been asked to review whether there were changed conditions, and urged that it was incumbent on DOES either to hold a hearing or issue findings of fact and conclusions of law upon which the claim was dismissed. In response thereto, on November 26, 1984, the same hearing examiner who had conducted the original hearing[2] issued a formal notice that on December 17, 1984, she would "hear oral argument" on the claimant's motion of November 19.

At the hearing, the employer and Snipes argued their respective positions. Snipes asserted a change of conditions as evidenced by medical reports of Dr. Joseph, her treating physician, Dr. Ng, a specialist in chronic pain, and Dr. Grinc, a psychologist. Subsequently, the hearing examiner issued a recommended compensation order essentially rejecting Snipes's assertions.[3] Timely exceptions were filed with the Director.

On January 24, 1987, the Director issued a final compensation order which concluded that the hearing examiner had not abused her discretion in denying Snipes's request for a hearing to review her case under the statutory provision. He expressly approved the hearing officer's procedure[4] followed in this case:

> Procedurally a preliminary hearing to determine whether there is sufficient evidence of a nature which could give one reason to believe that a change of conditions had occurred, was a rational productive means of reaching the initial determination required by the Act. By denying Petitioner's request for an evidentiary hearing after a preliminary examination of Petitioner's insufficient, new evidence, the Hearing Officer followed the mandates of the Act and acted within the bounds of Due Process.

## II.

Before us, Snipes attacks both the procedures followed in reaching the decision to deny further review of her claim and the substantive grounds underlying the decision.

## A.

■ Procedurally, Snipes makes a two-prong challenge. First she asserts that by the terms of the Act and regulations issued thereunder, she is entitled to an evidentiary hearing as provided in D.C.Code § 36–320.

---

2. This was Chief Hearing Examiner Paula I. Mell.

3. The hearing examiner's precise recommendation was that "claimant's request for modification be denied." We think the Director fairly construed this to be a recommendation to deny review, with its concomitant evidentiary hearing. What was involved at bottom was Snipes's application for a formal hearing.

4. More fully, the Director described the two-part procedure as follows:

> Facially, and in fact, this modification provision under the Act [D.C.Code § 36–324] is substantially different from its predecessor provision within the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 925 (hereinafter the Longshore Act). Under the Longshore Act, the deputy commissioner may review a compensation case whenever a party in interest alleges a change in conditions. Under the Act, however, the Mayor's designee may "order a review" only when he is satisfied that a change of conditions has occurred. The language of the Act, unlike the language of the Longshore Act, mandates a two-part procedure.

> The first part of the procedure requires the Mayor's designee to determine if there is reason to believe that a change of condition has occurred. To make that determination, the Mayor's designee will necessarily have to examine evidence which could establish, if credited, changed conditions. Without a preliminary examination of evidence of a change of conditions, the Mayor's designee would have no reason to believe that a change of conditions has occurred; there would be no basis upon which to order a review of the compensation case. Thus, even prior to an evidentiary hearing on the merits pursuant to the procedures provided in § 21 of the Act, there must be a preliminary determination that there is reason to believe that a change of conditions has occurred. That determination can only be made after a preliminary examination of evidence intended to be submitted at an evidentiary hearing.

The Longshore Act referred to by the Director was effectively the workers compensation act of the District until the present Act took effect on July 24, 1982. *See O'Connell v. Maryland Steel Erectors, Inc.,* 495 A.2d 1134, 1140–41 (D.C. 1985).

We think the Director has reasonably construed the Act otherwise, to which we pay deference. *Hughes v. District of Columbia Department of Employment Services,* 498 A.2d 567 (D.C.1985). Indeed, Snipes's suggested reading would seem a forced one. By the terms of § 36–324 a claimant's right to an evidentiary hearing under § 36–320 is triggered only where there is "reason to believe that a change of conditions has occurred." We see no reason why a claimant should not expect to meet such a threshold test. The hearing given as of right by regulation 3621.1 *et seq.* seems merely to reflect the statutory command in § 36–320, whose applicability is the very matter at issue.

■ Second, she asserts that if the December 17 hearing was to examine the issue of whether there existed reason to believe that a change of conditions had occurred, she was not on sufficient notice thereof and that in any event, she should have been allowed to present further evidence. She points out that nowhere has the Director clarified by regulation or otherwise the nature of the preliminary hearing held here. However effective that argument might be on different facts, we think that Snipes had the opportunity to establish her right to an evidentiary hearing by showing there was reason to believe that a change of conditions had occurred. This very issue was directly contested in the papers filed prior to the granting of the December 17th hearing and was clearly relevant to the hearing's inquiry. Snipes had ample opportunity to clarify the nature of the December 17th hearing if she had any doubts about its scope. Indeed, in being afforded an opportunity for oral argument, Snipes may well have received more procedural protection than she was formally entitled to.

### B.

We therefore turn to Snipes's alternative ground for reversal, namely, that error oc-

curred in the determination that there was no reason to believe that a change of condition had occurred to justify further review of the case. Our scope of review here is simply to determine whether Snipes has demonstrated that the finding is "unsupported by substantial evidence in the record of the proceedings." D.C.Code § 1–1510(a)(3).

■ In her work accident, Snipes had sustained a low back injury while loading a cart. In the order which became final on April 1, 1984, the hearing examiner had adopted medical testimony that Snipes had no objective residual evidence of back injury and could resume regular work without any restrictions. She found nothing in the medical reports submitted at the December 17 hearing to alter this conclusion. With respect to the assertion that new psychological conditions had developed, the hearing examiner concluded that there was no indication that these problems were related to the original back injury.[5] Our review does not lead us to conclude that the ultimate finding of no reason to believe there was a change of conditions was unsupported by the record presented.

In part, the hearing examiner rejected the medical reports on the ground they merely reasserted medical conclusions rejected in the prior hearing. Snipes argues that this violated the stricture of § 36–324(b) that the review should be limited "solely to new evidence." Even assuming that that subsection applies to the preliminary step of determining whether there is reason to believe a change of conditions has occurred, it seems evident that in this determination a hearing examiner must necessarily take into account what came before in determining whether a "change" has occurred.

### III.

■ Finally, Snipes asserts that she is entitled to payment of certain continuing medical treatment and expenses resulting

---

**5.** Whatever presumption of coverage may apply to psychological conditions, a claimant, to invoke the presumption at all, needs to make some "initial demonstration" of the employment connection of the disability. *Ferreira v. District of Columbia Department of Employment Services,* 531 A.2d 651, 655 (D.C.1987).

from the original back injury under D.C. Code § 36–307(a) (1981). While in principle a claimant might be able to return to work and yet have continuing medical expenses, that issue with respect to Snipes appears to have been resolved in the original final order of April 1, 1984. To the extent that Snipes's claim rests on principles of estoppel flowing from carrier promises, recovery lies outside the structure of the Act.

*Affirmed.*