**WASHINGTON METROPOLITAN AREA
TRANSIT AUTHORITY, Petitioner,**

v.

**DISTRICT OF COLUMBIA DEPART-
MENT OF EMPLOYMENT SER-
VICES, Respondent.**

No. 95–AA–582.

District of Columbia Court of Appeals.

Argued Dec. 12, 1996.
Decided Nov. 26, 1997.

Michael D. Dobbs, for petitioner.

Martin B. White, Assistant Corporation Counsel, with whom Charles F.C. Ruff, Corporation Counsel at the time the brief was filed, and Charles L. Reischel, Deputy Corporation Counsel, were on the brief, for respondent.

Before WAGNER, Chief Judge, and TERRY, Associate Judge, and BELSON, Senior Judge.

WAGNER, Chief Judge:

Petitioner, Washington Metropolitan Area Transit Authority (WMATA), seeks review of a decision by a hearing examiner of the Department of Employment Services (DOES) modifying a prior compensation order issued under the District of Columbia Workers' Compensation Act, D.C.Code §§ 36–301 to –345 (1997) (the Act).[1] WMATA argues that the evidence was insufficient to show either a change in the worker's medical condition or any other circumstances which would support a modification of the award. WMATA also contends that the hearing examiner failed to make the requisite preliminary determination justifying review of the prior award under D.C.Code § 36–324. We conclude that the agency erred in failing to make the requisite threshold determination required in a modification proceeding and in imposing upon the non-moving party the burden of making the initial showing.

## I.

The claimant, Leroy Anderson, Jr., who was employed by WMATA as a custodian, injured his back in 1984 while assisting a patron on a malfunctioning escalator. In the initial proceeding, Anderson's treating physician, Dr. Litofsky, rendered an opinion that Anderson sustained a herniated disc and chronic lumbosacral strain as a result of the accident which prevented him from working at his old job.[2] On February 6, 1986, relying on that opinion, the hearing examiner recommended, and the Director of DOES awarded Anderson compensation for a continuing temporary total disability. During the time between the hearing examiner's recommendation and the final decision of the Director in 1986, Anderson underwent surgery on his back, and the operative report showed no disc herniation, contrary to the findings of Dr. Litofsky.

Subsequently, WMATA filed a motion to modify the award pursuant to D.C.Code § 36–324. At that time, the parties stipulated that Anderson's condition was perma-

1. WMATA filed an application for review of the hearing examiner's decision. Since a decision on its application was not rendered by the agency within the forty-five day period provided by D.C.Code § 36–322(b)(2), WMATA filed in this court a petition for review, the decision of the examiner being deemed final for purposes of appeal under D.C.Code § 36–322(b).

2. An orthopedic surgeon, Dr. Gordon, interpreted Anderson's myelogram as showing only a small bulge which was within normal limits. It was Dr. Gordon's opinion that Anderson's back condition was temporary and that he could return to his job with no limitations. Other physicians who examined Anderson in 1984 supported Dr. Gordon's opinion.

nent based upon a report of Dr. Litofsky dated March 31, 1986 stating that Anderson had reached maximum medical improvement. Another neurosurgeon, Dr. Dennis, who testified for WMATA in the proceeding, concluded that Anderson's back surgery would result in some degree of disability, and he gave him only a probable ten percent partial disability rating overall. Dr. Dennis found essentially that Anderson's inability to perform was not attributable to any identifiable organic pathologies. He concluded that Anderson could perform sedentary to light jobs which did not involve repetitive back bending and lifting objects in excess of thirty pounds. The hearing examiner found more persuasive Dr. Dennis' opinion that Anderson could perform sedentary work with restrictions. Based upon this medical opinion, evidence of the availability of jobs suitable to Anderson's condition, a finding that Anderson had failed to participate fully in vocational rehabilitation, and had voluntarily limited his income, the examiner determined that Anderson was permanently partially disabled, rather than totally disabled.[3] Anderson did not return to any form of employment thereafter.

In November 1992, Anderson filed a petition for modification of the compensation award to one for permanent total disability. At the hearing on the petition, counsel for Anderson represented that he would not rely solely on a change of medical condition as a basis for modification of the award. He contended that non-medical personal characteristics or other circumstances affecting employability are relevant to the determination of the level of disability. Both Dr. Litofsky and Dr. Gordon, who were witnesses in the prior proceeding, testified that there had been no significant change in Anderson's medical condition since the entry of the 1987 order. Both doctors' conclusions were as they had been before. Dr. Litofsky re-

mained of the opinion that Anderson was totally disabled, while Dr. Gordon found no physical reason to limit Anderson's activities, although he felt that Anderson should avoid heavy lifting. Anderson testified that his pain had become worse recently.

WMATA provided a new labor market survey of jobs for June 1993 in support of its claim that wages had increased since the earlier determination of the extent to which Anderson had limited his income voluntarily. The hearing examiner found that WMATA provided Anderson with no job leads or vocational rehabilitation after September 1986.

In a compensation order dated January 26, 1995, the hearing examiner granted Anderson's motion for modification of the prior award. In the order, the examiner made no findings concerning any change in Anderson's medical condition since the prior hearing. She made no determination that Anderson could no longer perform sedentary work as found in the prior order. The examiner adopted the finding from the 1987 order that Anderson's physical condition was permanent and that he could not return to his former job.[4] The examiner determined that WMATA had failed to meet the employer's usual burden of proof of showing job availability. She concluded that WMATA was under a continuing statutory duty to provide Anderson with vocational rehabilitation services under D.C.Code § 36–307(a) in spite of his earlier failure to cooperate as found in the prior order. Therefore, the examiner concluded that WMATA did not meet its burden of showing that Anderson should not be reclassified as permanently totally disabled.

## II.

WMATA argues that the hearing examiner's decision to modify the compensation

---

**3.** See D.C.Code § 36–307(d) (providing for suspension of compensation upon employee's unreasonable refusal to accept vocational rehabilitation) and D.C.Code § 36–308(3)(V)(iii) (calculation of benefits where employee voluntarily limits income).

**4.** The examiner did state that Anderson leaned on a cane "heavily and necessarily." She also

found him to be a credible witness. However, we do not regard these observations as sufficient to establish a change in Anderson's medical condition since the earlier compensation order, particularly given the nature of his injury. Such evidence does not show that Anderson is now incapable of performing sedentary work, as previously found.

award is not supported by substantial evidence. Specifically, WMATA contends that there is no evidence in the record showing that there was a change in Anderson's medical condition or a change in economic or other circumstances which would support a modification of the prior award, which is based on permanent partial disability, to one based on permanent total disability. Apparently conceding that the evidence does not support, and the examiner did not make, a finding that a change in Anderson's medical condition warrants modification, DOES argues that a modification may be based upon non-medical conditions. Such conditions, DOES contends, are established in this record.

[1] The controlling provisions of the statute governing modification of a compensation award, D.C.Code § 36–324, provides in pertinent part as follows:

> (a) At any time prior to 1 year after the date of the last payment of compensation or at any time prior to 1 year after the rejection of a claim, ... the Mayor may, upon his own initiative or upon application of a party in interest, order a review of a compensation case pursuant to the procedures provided in § 36–320 where there is reason to believe that a change of conditions has occurred which raises issues concerning:
>
>> (1) The fact or the degree of disability or the amount of compensation payable pursuant thereto; ....
>
> (b) A review ordered pursuant to subsection (a) of this section shall be limited solely to new evidence which directly addresses the alleged change of conditions.
>
> (c) Upon the completion of a review conducted pursuant to subsection (a) of this section, the Mayor shall issue a new compensation order which may terminate, continue, reinstate, increase, or decrease such compensation.... [5]

To obtain an evidentiary hearing on a modification petition under this statute, a claimant must make a threshold showing that "there is reason to believe that a change of conditions has occurred." *Snipes v. District of Columbia Dep't of Employment Servs.*, 542 A.2d 832, 835 (D.C.1988) (citing D.C.Code § 1–1510(a)(3)). In *Snipes,* this court upheld, as a reasonable interpretation of the Act, the agency's two-step procedure requiring (1) a determination that there is reason to believe that a change in the claimant's condition has occurred, and (2) an evidentiary hearing if that test is met. *Id.* at 834–35. The initial determination requires a preliminary examination of the evidence which will be submitted at the evidentiary hearing. *Id.* at 834 n. 4 (quoting the Director of DOES in the case).

Our scope of review on these issues requires us to decide whether the agency made the threshold determination under the statute and whether its determination is supported by substantial evidence in the record. *See id.* (citing D.C.Code § 1–1510(a)(3)); *see also George Washington Univ. v. District of Columbia Bd. of Zoning Adjustment,* 429 A.2d 1342, 1345 (D.C.1981).[6] WMATA contends that the hearing examiner failed to make even the preliminary determination and, in any event, Anderson failed to submit evidence sufficient to make the requisite threshold showing.

The hearing examiner made no finding that any change in Anderson's medical condition had occurred since the prior order. The examiner started appropriately with the determination made in the prior order that Anderson's condition was permanent, that he had made maximum medical improvement as of March 31, 1986, and that he could not return to his usual employment. *See Snipes,*

---

**5.** The Mayor has delegated his functions under the Act to DOES under Mayor's Order No. 82–126, 29 D.C.Reg. 2843 (1982). *Dell v. Dep't of Employment Servs.,* 499 A.2d 102, 105 (D.C. 1985).

**6.** Our scope of review of an agency decision is to determine

> (1) whether the agency has made a finding of fact on each material contested issue of fact; (2) whether substantial evidence of record supports each finding; and (3) whether the conclusions of law follow rationally from the findings.

> *George Washington Univ., supra,* 429 A.2d at 1345 (citations omitted).

*supra,* 542 A.2d at 835 (consideration of the prior determination is necessarily taken into account in deciding whether, for modification purposes, a change has occurred). However, there was no finding and no evidence that Anderson's physical condition had changed to the point that he could no longer perform sedentary work as previously determined. DOES claims that it is of no consequence that there was no showing of a change in Anderson's medical condition because, under the modification provision of the Act, changes in economic or other conditions affecting the "fact or degree of disability" will support a modification of the award. However, the examiner did not address expressly whether the statute may be interpreted to allow modification of an award for non-medical changes of circumstances. DOES contends that the examiner did so implicitly, given that modification was granted after Anderson's counsel abandoned the claim that a change of medical condition warranted relief, and the decision focused upon the economic component of the disability. We agree that the examiner applied the statute in a way which recognizes non-medical circumstances as the basis for a modification of a compensation award. Therefore, we consider whether the agency has reasonably construed the statute. Our review of this question of law is *de novo,* although we will give deference to the agency's reasonable construction of the statute it administers. *Washington Post v. District of Columbia Dep't of Employment Servs.,* 675 A.2d 37, 40 (D.C.1996) (quoting *Harris v. District of Columbia Office of Worker's Comp.,* 660 A.2d 404, 407 (D.C.1995)); *Snipes,* 542 A.2d at 835 (citation omitted).

■ The "reason to believe" standard in § 36–324(a)(1) requires an affirmative factual showing that a change of conditions has occurred. *Snipes, supra,* 542 A.2d at 835. According to the language of the statute, such a change must raise issues concerning "[t]he fact or the degree of disability or the amount

of compensation payable pursuant thereto." D.C.Code § 36–324(a)(1). This language by its terms does not restrict expressly the required change to medical conditions. In other contexts, this court has recognized that "[d]isability is an economic and not a medical concept." *Washington Post, supra,* 675 A.2d at 40 (citing *American Mut. Ins. Co. v. Jones,* 138 U.S.App. D.C. 269, 271, 426 F.2d 1263, 1265 (1970)). Therefore, we have said that "[t]he degree of disability in any case cannot be measured by physical condition alone, but there must be taken into consideration the injured man's age, his industrial history, and the availability of the type of work which he can do." *Id.* at 40–41. If an injury prevents a claimant from engaging in the only type of employment for which he is qualified, he may be found to suffer a total disability. *Id.* at 41 (citation omitted); *see generally Joyner v. District of Columbia Dep't of Employment Servs.,* 502 A.2d 1027, 1031 n. 4 (D.C.1986). Thus, it would not be unreasonable to recognize a change in the economic component, such as the lack of availability of employment suitable to the disabled worker's condition, as a basis for a change of circumstances warranting modification.

Although some states confine the modification of an award to a change in physical condition, others allow a modification based upon a change in the economic aspects of the disability. 8 LARSON, LARSON'S WORKERS' COMPENSATION LAW § 81.31(e) at 15–1150 (1997). Such differences appear to be accounted for in the governing statute of the particular state.[7]

In *Fleetwood, supra* note 7, the Fourth Circuit upheld an interpretation of the Longshoremen's and Harbor Workers' Compensation Act (LHWCA)[8] recognizing as a basis for modification of a compensation award a change in an employee's wage-earning capacity without any change in his medical condi-

---

**7.** *See, e.g., Fleetwood v. Newport News Shipbuilding & Dry Dock, Co.,* 776 F.2d 1225, 1228 (4th Cir.1985) (rejecting as inconsistent with the purpose of the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. §§ 901 to –950 (1994) the argument that modification of an award is restricted to changes in the worker's physical condition); *Brasher v. Industrial*

*Comm'n,* 717 P.2d 990 (Colo.Ct.App.1985), *aff'd,* 732 P.2d 642 (Colo.1987) (dismissing petition for reopening on the basis of a change in economic conditions as inconsistent with the statute).

**8.** *See supra* note 7.

tion. 776 F.2d at 1228. The section of the statute in question in *Fleetwood* is similar to the one under consideration in this case, providing for changes in the amount of compensation "on the ground of a change in conditions," upon application of any party. *Id.* (quoting Section 922 of the LHWCA). As in our own statute, the nature of the change in conditions required is not specified. The *Fleetwood* court reasoned that the purpose of the LHWCA is to compensate workers for injuries affecting their wage-earning capabilities, and therefore, those capabilities are relevant in considering an application for modification of an award. 776 F.2d at 1229. The construction applied by the agency in this case is harmonious with the well-reasoned construction of an analogous provision of the LHWCA, and we find no reason not to uphold that interpretation.

 However, Anderson failed to make a preliminary showing of a change of non-medical circumstances warranting a hearing on the petition to modify. DOES suggests that a sufficient showing was made because the examiner must have recognized that a change in circumstances occurs with the inevitable passage of time. DOES points out that Anderson was six years older at the time of the hearing on the petition; that DOES found in a prior case that employers may not be receptive to a handicapped individual over fifty years old seeking an entry level position in a new field; and that six additional years in a debilitated and dependent condition would affect adversely any employment opportunities. Whatever the efficacy of these assumptions, they are no more than that. Assumptions are insufficient to meet the minimal threshold requirement of the statute. The statute requires some affirmative factual showing that a change of conditions has occurred. *Snipes, supra,* 542 A.2d at 834 & n. 4, 835. While something short of full proof is required to meet the "reason to believe" standard, a preliminary examination of evidence is contemplated. *Id.* at 834 n. 4. It is not sufficient to rely on the examiner's observations of what generally occurs in life for this preliminary showing. Decisions under the Act must be predicated on record evidence. *See* D.C.Code § 36–324(b)(requiring a review ordered pursuant

to the "reason to believe" provision of subsection (a) to be limited to "new evidence"). Moreover, there is no indication in the examiner's order that she relied upon the assumptions identified by DOES in reaching the decision in this case. It is not unreasonable to expect the movant to meet the modest threshold burden of producing minimal evidence to support the "reason to believe" standard. Therefore, we conclude that the examiner erred in failing to hold Anderson to the required standard.

### III.

Although Anderson failed to make the preliminary showing required to trigger an evidentiary hearing, a hearing was held in this case. Finding that WMATA had failed to reinstate vocational rehabilitation services and schedule interviews for Anderson subsequent to the prior order in which it was determined that Anderson did not cooperate in such efforts, the examiner rejected WMATA's market surveys concerning the availability of jobs for Anderson. Therefore, the examiner concluded that the employer failed to meet its burden of establishing that Anderson was able to work and modified the prior compensation award which had taken that factor into account.

WMATA argues that the hearing examiner erred in placing upon it the burden of establishing the worker's continuing failure to cooperate with vocational rehabilitation in the context of this modification proceeding. DOES takes the position that its proof scheme is a reasonable implementation of the policies and substantive standards of the Act. The statute, D.C.Code § 36–324, is silent as to where the burden of proof is lodged at the hearing stage of a modification proceeding. In the field of workers' compensation, the usual burdens on moving parties are often modified to serve the remedial purposes of the statute. *See, e.g.,* D.C.Code § 36–321 (statutory presumptions favoring employee seeking to enforce claim); *Washington Post, supra,* 675 A.2d at 41. Thus, it has been held that the burden of proof of job availability is on the employer even though the employee is the party seeking compensation.

*Id.* at 41 (quoting *Joyner, supra,* at 1031 & n. 4). However, the examiner here did not address whether this proof scheme is appropriate in a modification proceeding where a worker, previously determined to be non-cooperative, seeks to alter the prior order based solely on that determination.

■ Generally, the burden is on the party asserting that a change of circumstances warrants modification to prove the change. *See Nader v. de Toledano,* 408 A.2d 31, 48 (D.C.1979), *cert. denied,* 444 U.S. 1078, 100 S.Ct. 1028, 62 L.Ed.2d 761 (1980). In the context of workers' compensation law, the burden of showing a change of conditions has also been held to be on the party claiming the change, whether a claimant or employer. 8 LARSON, LARSON'S WORKERS' COMPENSATION LAW, § 81.33(c) at 15–1194.32; *see also e.g., Dillon v. W.C.A.B.,* 536 Pa. 490, 640 A.2d 386, 390 (1994); *Ziegler v. Department of Labor & Indus.,* 14 Wash.App. 829, 545 P.2d 558 (1976). The burden may shift once the moving party establishes his case. 8 LARSON, § 81.33(c) at 15–1194.42.

■ Here, the worker presented no evidence of a change of circumstances with respect to his ability to obtain employment or his efforts to cooperate in rehabilitation since the entry of the prior order. In support of its determination to change the prior award, the agency simply relied upon WMATA's failure to establish that Anderson continued to limit his income voluntarily by failing to cooperate in efforts to secure employment and rehabilitation. Thus, it shifted the moving party's initial statutory burden of showing grounds for modification to the non-moving party. Such a procedure invites a party, dissatisfied with a compensation award, to file repeated applications for modification without basis, leaving the burden solely upon the employer to show that circumstances

have not changed since the prior order. Such an approach has no basis in reason or fairness and would unduly burden the workers' compensation system. Moreover, it is not consonant with the statutory provision in question which allows a party in interest to seek a change only upon making a showing that there is reason to believe that a change has occurred. D.C.Code § 36–324. Where the moving party fails to offer any evidence warranting a modification of the award, the non-moving party should prevail under this statute even if he produces no evidence at all. 8 LARSON, *supra,* § 81.33(c), at 15–1194.47.

■ Here, Anderson did not make the minimal preliminary statutory showing. Had he done so, there might be a rational basis for recognizing a burden shift to the employer thereafter. At least in absence of any preliminary showing of an evidentiary basis for a modification of the prior award, there is no basis for shifting the burden to the employer to prove the contrary.

At the modification hearing, WMATA offered evidence tending to show that there were jobs available for one with Anderson's physical limitations. The examiner gave no weight to WMATA's job survey because of its failure to show that it had scheduled interviews for the employee or that it had reinstated vocational rehabilitation, and Anderson remained uncooperative. *See Joyner, supra,* 502 A.2d at 1031. However, the examiner used the employer's failure to produce evidence that it had scheduled interviews for Anderson to fill the omission in the worker's required initial presentation. Essentially, the agency imposed upon the employer the initial burden of establishing that circumstances had not changed, specifically Anderson's refusal to cooperate. Given the statutory requirement as interpreted in our caselaw, this was error.[9]

9. In light of our disposition, we discuss only briefly WMATA's additional arguments. WMATA argues that the agency erred in finding that an employer has a continuing duty to provide job placement services to an employee found, after a hearing, to be noncooperative and who makes no effort to alter that situation. Generally, in a compensation proceeding, the burden is on the employer to prove that work is available which the partially disabled worker can perform. *Washington Post, supra,* 675 A.2d at 41. However-

er, "the employer can meet this burden 'by proof short of offering the claimant a specific job or proving that some employer specifically offered claimant a job.'" *Id.* (quoting *Joyner, supra,* 502 A.2d at 1031 n. 4 (citations omitted)). In the context of this case, until the party seeking modification of the prior order shows a change of circumstances related to his voluntary limitation of income as determined in the prior order, the employer has no burden to make any showing

For the foregoing reasons, we are constrained to remand the case for further proceedings consistent with this opinion.

*Remanded.*

with respect to its efforts to secure his cooperation to avoid modification. Otherwise, we deem any further examination of this issue premature.

Finally, WMATA argues that Anderson is precluded by res judicata principles from raising the same issues related to his medical condition which were determined in the prior proceeding. The agency does not rely upon the change in medical condition in support of the order. Further, as WMATA concedes, the statute provides for re-examination of previously determined issues upon a proper showing that a change of circumstances has occurred warranting a modification of the order. *See* D.C.Code § 36–324; *see also Oubre v. District of Columbia Dep't of Employment Servs.*, 630 A.2d 699, 704 (D.C.1993).