Charles M. BECKER, Petitioner,

v.

DISTRICT OF COLUMBIA DEPART-
MENT OF CONSUMER AND
REGULATORY AFFAIRS, Respondent.

No. 84–352.

District of Columbia Court of Appeals.

Submitted Oct. 15, 1986.
Decided Dec. 8, 1986.

Charles M. Becker, pro se.

John H. Suda, Acting Corp. Counsel at
the time the brief was filed, Charles L.
Reischel, Deputy Corp. Counsel, and Ed-
ward E. Schwab, Asst. Corp. Counsel, filed
a brief, for respondent.

Before NEWMAN and STEADMAN, As-
sociate Judges, and PAIR, Senior Judge.

STEADMAN, Associate Judge:

Petitioner, Charles Becker, seeks review
of the decision of the Board of Registration
for Professional Engineers (the Board), a
division of the District of Columbia Depart-
ment of Consumer and Regulatory Affairs,
which denied his application for registra-
tion as a professional electrical engineer
without examination under D.C.Code § 2–
2308(2)(A)(v) (1981). We affirm.

Section 2–2308(2)(A)(v) permits the Board
to register, without examination, one who
is "an engineer of established and recog-
nized standing in the engineering profes-
sion" who has been "lawfully engaged in
the practice of engineering for 12 or more
years, of which at least 5 years shall have
been in responsible charge of important
engineering work of a grade and character
satisfactory to the Board." The Board ini-
tially denied petitioner's application under
this section on March 22, 1984 after a hear-
ing. Petitioner filed a timely petition for
review of that decision. This court then
granted the Board's motion for remand of
the record on the ground that it had not
considered certain materials submitted by
petitioner after the first hearing. Follow-
ing remand, the Board held a second hear-
ing, after which it again denied the applica-

tion in a new decision dated April 14, 1986. The grounds for denial were that petitioner failed to 1) demonstrate that he is an engineer of established and recognized standing, and 2) show that for at least five years he was in responsible charge of important engineering work.

In reviewing the findings of an agency we apply the substantial evidence test. D.C.Code § 1–1510(a) (1981); *LCP, Inc. v. District of Columbia Alcoholic Beverage Control Board,* 499 A.2d 897, 903 (D.C. 1985). However, we start from the premise that the agency's decision, like the decision of a trial court, is presumed to be correct, so that the burden of demonstrating error is on the petitioner. *Cohen v. Rental Housing Commission,* 496 A.2d 603, 605 (D.C.1985). Furthermore, given the expertise of an administrative agency, we are generally bound by its decision if it is supported by and in accordance with reliable, probative and substantial evidence in the record, and the agency's conclusions flow rationally from its findings. *Saah v. District of Columbia Board of Zoning Adjustment,* 433 A.2d 1114, 1116 (D.C. 1981).

▪ The Board based its ruling that petitioner was not an engineer of "established and recognized standing" upon its Findings of Fact concerning petitioner's lack of specific accomplishments, activities and honors.[1] The Board thus indicated that the petitioner had to demonstrate these types of significant achievements and recognition in order to meet the statutory requirement in § 2–2308(2)(A)(v). "Established and recognized standing" is not defined in the statute. The Board had to add meaning to the phrase by applying accepted doctrines of statutory construction. *See Keefe Co. v. District of Columbia Board of Zoning Adjustment,* 409 A.2d 624, 626 (D.C.1979). This language is omitted from § 2–2308(2)(A)(i, ii, iii, and iv) under which an engineering license can be obtained by passing an examination or offering proof that the applicant already has an equivalent license or certification from another jurisdiction. It may be fairly concluded that this additional language in the section of the statute that permits a license based solely on experience requires a significant showing of recognition in the field. We must give great weight to any reasonable construction of a regulatory statute that has been adopted by the agency charged with its enforcement. *Lee v. District of Columbia Department of Employment Services,* 509 A.2d 100, 102 (D.C.1986). Therefore, we uphold the Board's application of the requirement of "established and recognized standing in the engineering profession" and find substantial evidence in the record that petitioner did not meet this standard.

▪ A similar analysis supports the Board's holding that petitioner did not demonstrate that he had been in responsible

---

1. The Findings of Fact read in pertinent part:
  3. Applicant is not licensed as a professional engineer in any state.
  4. Applicant is a member of the Institute of Electric and Electronic Engineers and the Electronic Warfare Association, and an associate member of the National Society of Professional Engineers.
  5. Applicant has not been elected to office in technical societies known to be selective regarding membership or served on any national or international technical committees.
  6. Applicant has failed to demonstrate that he was selected to serve on agency technical committees or review boards. Although selection to such boards or committees is claimed in Applicant's Confidential Resume, no substantiation has been received.

  7. Applicant has not received invitations to present or discuss technical papers before technical societies or to review or prepare articles for publication. While Applicant has presented a paper, it was before a "computer users group conference," not a technical society.
  8. Applicant has not published articles in any recognized scientific, technical or trade journals.
  9. Applicant has not patented any inventions.
  10. Applicant has not appeared in court as an expert in engineering.
  11. Applicant has not received any awards or professional honors.

charge of important engineering work for five years. Section 2–2302(4) defines "responsible charge" as "such degree of competence and accountability gained by education, training, and experience in engineering of a grade and character sufficient to qualify an individual to engage personally and independently in and be entrusted with the work involved in the practice of engineering." In its decision, the Board further defined "responsible charge of important engineering work" to include elements such as the following:

a) The exercise of independent control and direction over professional engineering work;

b) The individual conception and execution of engineering designs without substantive, technical, supervisory review or approval;

c) Final authority to make professional engineering decisions and/or review and approve the decisions of other engineers.

d) Final authority to judge the qualifications of technical specialists and the validity and applicability of their recommendations before the recommendations are incorporated in the engineering project;

e) Independent responsibility for projects that demand resourcefulness and originality and which involve plans, specifications, drawings and computations which are conceived, developed and executed when guided solely by rough sketches, general information and field measurements; and

f) The authority to make decisions without supervisory approval (except where such approval is a mere matter of form) concerning:

1) The selection of engineering alternatives to be investigated and the comparison of alternatives for engineering projects;

2) The selection or development of design standards or methods and the choice of materials to be used;

3) The selection or development of techniques or method of testing. to be used in evaluating materials or completed projects;

4) The review and evaluation of manufacturing, fabrication or construction methods or controls to be used and the evaluation of test results, materials and workmanship insofar as they affect the character and integrity of the completed work; and

5) The development and control of operating and maintenance procedures at the project level or higher.

The Board chairman at the hearing explained that this language was adopted from the Professional Engineers Model Law and is identical to the registration laws of those states that have similar licensure schemes. Under *Lee v. District of Columbia Department of Employment Services, supra,* we accept this elaboration on the statutory language. Petitioner sought to satisfy the criteria with his own testimony and one paragraph letters of support from several professional engineers along with other material presented to the Board. Petitioner's objections to the Board's findings in the first decision [2] were technical in nature and for the most part conclusory, merely referring to documents that were before the Board. Petitioner presents to us no specific objections relating to the revised findings in the new decision now before us, nor do we discern evident discrepancies between the evidence presented and the revised findings. In this context we defer to the Board's expertise in evaluating petitioner's testimony and supporting documents. *Saah v. District of Columbia Board of Zoning Adjustment, supra.*

*Affirmed.*

2. Petitioner's brief was filed with this court prior to the remand of the record to the Board for further proceedings. No supplemental or reply brief has been filed addressing the new 1986 decision.