Ronald ST. CLAIR, Petitioner/Appellant,

v.

**DISTRICT OF COLUMBIA DEPARTMENT OF EMPLOYMENT SERVICES, Respondent/Appellee,**

and

**U.S. News & World Report, Intervenor.**

No. 89–AA–1402.

District of Columbia Court of Appeals.

Argued Nov. 1, 1991.

Decided May 31, 1995.

Vere O. Plummer, for petitioner/appellant.

Charles L. Reischel, Deputy Corp. Counsel, with whom Herbert O. Reid, Sr., Corp. Counsel at the time the statement was filed in lieu of brief, for respondent/appellee.

Leslie Stout–Tabackman, with whom Paul F. Mickey, Jr., was on the brief, for intervenor.

Before WAGNER, Chief Judge,* and FERREN, Associate Judge, and KERN, Senior Judge.

PER CURIAM:

Petitioner, Ronald St. Clair, seeks review of an order of the District of Columbia Department of Employment Services (DOES or the agency) denying his request for reinstatement and back pay based on a claim of retaliatory discharge against his former employer, U.S. News & World Report (employer). In rendering the decision for the agency, its Director rejected a finding of retaliato-

---

* *Judge Wagner* was an *Associate Judge* of this court at the time of argument. Her status was changed to *Chief Judge* on June 14, 1994.

ry discharge made by a hearing examiner on the grounds that it was contrary to law and not supported by substantial evidence. We find no error in the Director's decision.

## I.

Petitioner was a Senior Graphics Technician for U.S. News & World Report before being terminated on December 19, 1986. The employer gave petitioner a notice stating that he was discharged because of his physical inability to perform the job on a full-time basis. Petitioner had injured his left knee on July 17, 1986 while at work, and he was unable to work again until October 8, 1986, when he worked for only two days. He returned to work again on November 3, 1986. Petitioner requested a lighter work schedule, and his employer initially accommodated him. On November 21, 1986, petitioner's physician provided a disability certificate indicating that he should remain on light duty until further notice. Thereafter, on December 9, 1986, petitioner's supervisor informed him orally that he would be terminated as of December 19, 1986 because of his physical inability to work full-time, which the employer confirmed in writing on December 15, 1986. However, petitioner ceased working on December 15th, prior to the termination date, and never reported for work again.

It is undisputed that petitioner was working part-time in a full-time position at the time of discharge. The hearing examiner found that petitioner was temporarily partially disabled from November 3, 1986 until December 15, 1986 and totally disabled from December 15 until December 23, 1986.[1] Following the termination of his employment in December 1986, petitioner filed a claim of retaliatory discharge under D.C.Code § 36–342 (1993 Repl.).

The hearing examiner for DOES concluded that the employer engaged in retaliatory dis-

charge. The factual predicate for this conclusion, as set forth by the examiner in findings, is as follows:

> Since the claimant in the instant case was reporting to work daily and working at the time of his termination within his physical restrictions, he was qualified to perform the duties of his employment and his termination was a retaliatory discharge.

No other factual basis is provided as support for the retaliatory discharge determination.[2]

Apparently recognizing that this result might be precluded by *Lyles v. District of Columbia Dep't of Employment Servs.*, 572 A.2d 81 (D.C.1990), the examiner sought to distinguish it by pointing out that the employee in *Lyles* was unable to report to work at all, while petitioner was able to work part-time. The Director disagreed with the examiner's interpretation of the Act and the decision in *Lyles*, concluding as a matter of law that an employer can terminate an employee who files a claim under the Act without violating it, if the employee is unable to resume a full-time position. *See* D.C.Code § 36–342; *see also Lyles*, 572 A.2d at 84–85. The Director ruled alternatively that the examiner's findings were not supported by substantial evidence. Contrary to the examiner, the Director concluded, as a matter of law, that a showing that prior to discharge a claimant could work part-time in a full-time position was insufficient to establish a prima facie case of retaliatory discharge. We discern no error in the Director's decision.

## II.

 To establish a prima facie case for retaliatory discharge under D.C.Code § 36–342, the employee must prove: (1) that the claimant made or attempted to make a claim for workers' compensation, and (2) that the employer discharged him or her in retaliation for that action. *Abramson Associates, Inc.*

---

1. Petitioner was awarded temporary partial disability benefits for the period November 3 to December 15, 1986; he was awarded temporary total disability benefits from December 15 to December 23, 1986. This aspect of the examiner's order was affirmed by the Director and is not challenged on appeal.

2. The hearing examiner observed that the employer claimed the employee was terminated because he did not get along with coworkers and so noted on the termination notice as a reason not to rehire him. However, the examiner stated that assuming that this was one reason for the discharge, it would not alter the result in light of the finding that a retaliatory reason was present.

v. District of Columbia Dep't of Employment Servs., 596 A.2d 549, 552 (D.C.1991) (citing Lyles, supra, 572 A.2d at 83). The employer's motivation for the firing must be the employee's pursuit of his rights under the statute. Lyles, 572 A.2d at 84 (citing Geddes v. Benefits Review Bd., 236 U.S.App.D.C. 381, 384, 735 F.2d 1412, 1415 (1984)).

■ In Lyles, we held that the animus necessary to prove retaliatory discharge must entail more than discharge of an employee, even if unreasonable, for refusal to return to work. 572 A.2d at 84–85. "[S]ome additional showing beyond the firing, such as evidence of a pattern and practice of discriminating against employees filing compensation claims" is required. Id. at 84; Dyson v. District of Columbia Dep't of Employment Servs., 566 A.2d 1065, 1066 n. 7 (D.C.1989). The Director's determination that the element of animus could not be satisfied, as the examiner found, by the mere fact that petitioner was able to work only part-time in a full-time position is consistent with these precedents. Petitioner argues that a finding of retaliation can be established because the employer knew that he was scheduled for a medical examination prior to termination which might possibly show that he would be able to resume work. However, the evidence was unrefuted that the employer never requested nor became aware of any scheduled medical examination prior to the termination notice. Moreover, there was no evidence in the record that the employer had any way of knowing what the results of an examination might be.

■ The Director determined that an employer's discharge of an employee solely because he could work only part-time in a full-time position does not entitle the employee to restoration and compensation under D.C.Code § 36–342. We have held that discharge of an injured employee who is unable to perform the work, even if unreasonable, is insufficient to establish a claim for retaliatory discharge under § 36–342. Lyles, supra, 572

A.2d at 84 n. 6. The Director concluded that there was no valid reason to distinguish between the treatment accorded the claimant in Lyles, who claimed to be totally disabled, and petitioner who could work only part-time in a full-time position. The Director's interpretation of the statute that the remedy is not available on these facts, is reasonable in light of its plain language and in view of prevailing law; thus, we defer to it.[3] See Lyles, 572 A.2d at 84; Dyson, supra, 566 A.2d at 1067; see also Becker v. District of Columbia, 518 A.2d 93, 94 (D.C.1986).

For the foregoing reasons, we conclude that the Director's decision is in accordance with the law and supported by substantial evidence; therefore, we affirm it. See King v. District of Columbia Dep't of Employment Servs., 560 A.2d 1067, 1072 (D.C.1989).

### III.

■ We address briefly the issue raised in the dissenting opinion which concludes that, having found that the examiner's decision was contrary to law and not supported by substantial evidence, the Director could only remand to the examiner under the provisions of 7 DCMR § 230.11 (1986). We disagree. Unquestionably, the Director has the authority under a different regulation to "set aside or suspend, in whole or in part, any order not supported by substantial evidence and not in accordance with the Act." 7 DCMR § 230.10 (1986). The authority of the Director under § 230.10 is consistent with the authority granted the Mayor under D.C.Code § 36–322 (1993 Repl.), which the Mayor delegated in turn, along with the other functions under the Act, to the Director of the Department of Employment Services. Dell v. District of Columbia Dep't of Employment Servs., 499 A.2d 102, 105 (D.C. 1985). Pursuant to D.C.Code § 36–322, the Mayor may "suspend[ ] or set aside, in whole or in part," a compensation order not in accordance with the Act. D.C.Code § 36–322(b)(1). Thus, both the statute and regula-

---

**3.** The workers' compensation law is intended to compensate for job-related injuries, not to insure job security. See Davis v. Richmond Special Road Dist., 649 S.W.2d 252, 255–56 (Mo.App. 1983). A conclusion contrary to the one reached by the Director would place employers in the untenable position of having to retain an employee indefinitely even if the employee was unable to perform the job fully.

tion reflect that it is the Director's final decision, not the examiner's, which may be reviewed in this court.[4] *Id.;* 7 DCMR § 230.10.[5] Consistent with the statute and regulations, where the Director reverses the hearing examiner's decision for lack of evidentiary support or inconsistency with controlling law, our decisions have not required the Director to remand to the hearing examiner prior to review by this court. *See, e.g., Teal v. District of Columbia Dep't of Employment Servs.,* 580 A.2d 647, 650 (D.C. 1990); *Dyson, supra,* 566 A.2d at 1066.

Here, the Director simply rejected the examiner's *legal conclusion* that the facts as found by the examiner were sufficient to support a claim of retaliatory discharge under the Act. *See* 22 DCMR 230.10; *see also Lyles, supra,* 572 A.2d at 84–85; *King, supra,* 560 A.2d at 1072. Contrary to the dissenting opinion, we conclude that the Director's decision does not rest upon any impermissible intrusion into the factfinding function of the examiner. In concluding alternatively that the examiner's finding of retaliatory discharge was not supported by substantial evidence, the Director did not repudiate any factual findings made by the examiner or substitute others. Although the Director observed that there was absent from the record any evidence supporting the claim, and there was evidence showing the contrary, this recitation required no resolution of differing versions of the facts as disclosed by the evidence and no rejection of the examiner's credibility determinations or findings.[6] Given the state of the record, specifically the lack of evidence which would estab-

lish a prima facie case of retaliatory discharge, no purpose would have been served by remanding the case to the examiner for further findings. Thus, assuming any error in the Director's having failed to do so, it was harmless. *See King,* 560 A.2d at 1073 (rule of prejudicial error applicable to review of agency decisions) (citing D.C.Code § 1–1510(b) (1981)).

**IV.**

We conclude that the Director's decision is consistent with controlling law and supported by substantial evidence; therefore, we affirm it. *See King, supra,* 560 A.2d at 1072.

*Affirmed.*

FERREN, Associate Judge, dissenting:

Given this court's deferential standard of review, I must agree that the Director lawfully ruled that the hearing examiner erred, as a matter of law, in concluding that petitioner had been the victim of a retaliatory discharge based solely on the employer's refusal to permit part-time work. Contrary to the examiner's reading of the statute, the fact that petitioner was able and willing to perform his job part-time did not protect him against termination of a job requiring the employee to work full-time, *provided* there was no other evidence of employer animus toward petitioner that suggested retaliation. *See Lyles v. District of Columbia Dep't of Employment Servs.,* 572 A.2d 81 (D.C.1990).

I part company with the majority, however, in affirming, rather than remanding, the Director's decision on retaliatory discharge.[7]

---

4. There is an exception, not pertinent here, where the Mayor (Director) declines to review the order. D.C.Code § 36–322(b)(3).

5. Section 230.11, relied upon in the dissenting opinion, must reasonably be read to implement provisions of the statute which permit remand, rather than to supplant or override that part of the statute and other regulations which authorize the Director to issue a final, reviewable decision setting aside an order of the hearing examiner if not supported by substantial evidence or not in accordance with the Act, particularly in light of our prior decisions reviewing such decisions of the Director.

6. The Director observed that the petitioner testified in deposition that he had no evidence, docu-

mentary or otherwise, that his employer terminated him because he had filed a worker's compensation claim. Petitioner also testified that no agent of the employer ever discouraged him from filing the claim; that he met with no resistance as a result of doing so; and that the reason provided in the termination notice and orally by the employer was his inability to perform the work on a full-time basis and the employer's need for a full-time employee.

7. In the second part of her ruling, the Director reversed the hearing examiner's decision denying permanent partial disability benefits. The Director remanded the case to the hearing examiner because of the examiner's failure to account for various categories of evidence, favorable to the petitioner, which according to the Director

According to applicable regulations, 7 DCMR § 230.10 provides:

> The Director may affirm an order or may set aside or suspend, in whole or in part, any order not supported by substantial evidence or not in accordance with the Act.

But the next section, 7 DCMR § 230.11, adds an important limitation:

> If a substantial question of law or fact prevents the Director from affirming, the compensation order shall be set aside *and the case remanded to the Hearing or Attorney Examiner for further development* based on specific findings of deficiencies in the compensation order. [Emphasis added.]

Because, in this case, "a substantial question of law ... prevent[ed] the Director from affirming," *id.*, the applicable regulation, § 230.11, required the Director to remand the case to the hearing examiner for further proceedings. The Director did not have authority to take a second step, making her own evidentiary findings and then, based on those findings, ruling definitively on the retaliatory discharge claim. *See id.*

It is one thing for the Director to rely on a hearing examiner's findings of fact but then to reject the examiner's conclusion of law, on the basis of those facts, that a claimant's discharge was retaliatory. *See Dyson v. District of Columbia Dep't of Employment Servs.*, 566 A.2d 1065 (D.C.1989). It is quite another thing—as happened here—for the Director to reject the hearing examiner's conclusion of law based on a particular factual finding, but then to find additional facts herself to support outright reversal, rather than a remand, of the retaliatory discharge ruling.

In this case, the Director acknowledged that the employer could lawfully terminate petitioner for his inability to perform full-time work, but she added an important caveat: termination would be justified only if there was "no other evidence that the discharge claim was motivated, wholly or in part, by a desire or intent to intimidate, harass, or punish the claimant for his pursuit

of a worker's compensation claim." Remand Order, Nov. 7, 1989, at 7. The Director then reversed the examiner's retaliatory discharge ruling because the examiner had made no specific findings of fact supporting retaliatory discharge other than the employer's unwillingness to accept petitioner's part-time status. The problem, however, is that in reversing outright, instead of remanding, the Director found additional facts cutting against retaliation while ignoring other evidence that petitioner had proffered to show retaliation. Rather than remanding for the hearing examiner to consider the evidence once again in light of the correct rule of law—as 7 DCMR § 230.11 requires—the Director kept the case herself and assumed the examiner's role of fact-finder.

More specifically, the Director found, based on petitioner's deposition testimony, that petitioner had identified "no evidence that his employment with employer was terminated because he filed a worker's compensation claim." Remand Order, Nov. 7, 1989, at 8. But that deposition was not the only relevant evidence. The Director ignored petitioner's testimony before the hearing examiner that the employer had discharged petitioner one week before a scheduled independent medical examination which the employer had requested and the insurance carrier had arranged. This evidence, if true, had a bearing on possible employer animus: a desire to discharge (in retaliation for filing a worker's compensation claim) an employee who might soon be declared fit to resume full-time work and thus not so easily dischargeable. To be sure, employer representatives denied any knowledge of the scheduled examination, but these denials presented a classic credibility conflict for the appropriate fact-finder—the hearing examiner—to resolve. *See King v. District of Columbia Dep't of Employment Servs.*, 560 A.2d 1067, 1072 (D.C.1989) ("[T]he Director may not consider the evidence *de novo* and make her own findings of fact.... Neither the Director nor this court may substitute itself for the trier of fact who received and weighed the evidence and who heard and saw the claimant."); *Dell v. District of Columbia*

---

"would have had a definite bearing, if credited, upon any decision respecting the nature of and

extent of claimant's disability status after January 21, 1987."

Dep't of Employment Servs., 499 A.2d 102, 107 (D.C.1985) (Director's undertaking *de novo* review of administrative record "would drastically alter the traditional standards for review of administrative findings and would turn the law on its head.").

In light of the hearing examiner's legal conclusion that petitioner had been the victim of a retaliatory discharge, based solely on the fact that he was available for part-time work, there was no need for the examiner to make further findings on retaliation. But once it was clear (from the Director's ruling) that the examiner had erred as a matter of law in relying exclusively on the part-time work theory, *King* and *Dell* make clear that petitioner was entitled to consideration of his other evidence of retaliation by the very person—the hearing examiner—who had heard the testimony. Petitioner's claim was not properly rejected by the Director who, acting *de novo*, took on the mantle of fact-finder without even addressing all the evidence. Years ago we emphasized:

> If we were to accept DOES' argument that the Director can make her own credibility findings based upon a reading of the record, we would essentially scrap the principle of deference to the examiner who actually hears the testimony and is in the best position to make such determinations.

*Gunty v. District of Columbia Dep't of Employment Servs.*, 524 A.2d 1192, 1198 (D.C. 1987). Those words apply here.

In sum, the Director found facts to support reversal as to retaliatory discharge, without dealing with record testimony requiring evaluation of credibility. That was properly the hearing examiner's, not the Director's, job. We should therefore remand the case to allow the hearing examiner to complete the retaliatory discharge analysis in the first instance—indeed, the kind of remand the Director herself ordered upon noting that the hearing examiner had ignored evidence germane to petitioner's disability claim. See *supra* note 1.

Respectfully, therefore, I dissent.

