**FRED F. BLANKEN & CO., et al., Petitioners,**

v.

**DISTRICT OF COLUMBIA DEPARTMENT OF EMPLOYMENT SERVICES, Respondent,**

**and**

**Judith S. Blanken, Intervenor.**

**No. 00–AA–1487.**

District of Columbia Court of Appeals.

Argued May 21, 2002.
Decided June 5, 2003.

---

Jeffrey W. Ochsman, Washington, DC, with whom Todd S. Shapiro was on brief, for petitioners.

Benjamin T. Boscolo, Greenbelt, MD, for intervenor.

Robert R. Rigsby, Corporation Counsel at the time, and Charles L. Reischel, Deputy Corporation Counsel, filed a statement in lieu of brief, for respondent.

Before STEADMAN and WASHINGTON, Associate Judges, and NEBEKER, Senior Judge.

WASHINGTON, Associate Judge:

Petitioners, Fred F. Blanken & Co. (Employer) and Hartford Mutual Insurance Co. (Insurer), seek review of the decision of the Director of the Department of Employment Services (DOES), arguing that the Director erred as a matter of law in finding that claimant/intervenor Judith Blanken's application for a hearing requesting modification of her earlier disability award was timely under D.C.Code § 36–324(a) (1997), currently D.C.Code § 32–1524 (2001) of the Workers' Compensation Act (Act). We affirm in part and remand in part.

## I.

On November 27, 1992, Judith Blanken was employed by Fred F. Blanken & Co. as a real estate broker when she sustained a work-related injury. While showing a property to a client, she fell walking up a concrete staircase, and landed on her left knee. As a result of the fall, Blanken experienced severe pain in her left knee. After her condition failed to improve with physical therapy and cortisone injections, she had arthroscopic surgery on March 22, 1993. Following the surgery, Blanken continued to experience pain and numbness in her knee. She also became increasingly dissatisfied with the care she was receiving from her physician, Dr. A. Roy Rosenthal, and in 1995, she came under the care of Dr. Philip Schneider. Although she felt Dr. Schneider was much more responsive to treating the symptoms related to her knee injury, her condition continued to worsen.

The parties agreed by stipulation on December 20, 1995 that Blanken had a twenty percent permanent partial disability to her left leg as a result of her work-related injury and that compensation for that injury would begin on November 10, 1993.[1] On January 19, 1996, the Office of Workers' Compensation (OWC) approved the parties' stipulation and payment continued

1. The stipulation also indicated that Blanken had already received compensation for temporary total disability from November 28, 1992 to December 15, 1992 and from March 22, 1993 to June 6, 1993, and that temporary partial disability was paid from June 7, 1993 to November 9, 1993.

until January 26, 1996. Blanken continued to claim that the condition of her leg worsened and requested additional compensation benefits. On December 31, 1996, within one year of the last compensation payment pursuant to the January 19, 1996 Compensation Order, Blanken filed an application for a hearing requesting modification of the Compensation Order pursuant to D.C.Code § 36–324 and requesting a change of physician. A formal hearing was scheduled for September 9, 1997.

On September 2, 1997, DOES received a request for a continuance from Blanken due to her counsel's vacation plans. In her September 4, 1997 Order, Hearing and Appeals Examiner Gail L. Davis denied the request for a continuance, and dismissed Blanken's application without prejudice. The Examiner's Order also indicated that "[t]he case is **remanded** [to] the Office of Workers' Compensation for such further action as may be warranted, until Claimant files a new Application for Formal Hearing, which application has been enclosed for Claimant's convenience" (emphasis in the original). Blanken refiled her application for hearing on September 11, 1997. On October 24, 1997, petitioners filed a motion to dismiss Blanken's refiled Application for Formal Hearing, arguing that it was not timely filed within the one year statutory period and failed to include new evidence justifying her request for modification based on a change of condition.

Blanken subsequently filed a motion for reinstatement on January 27, 1998 in which she characterizes Examiner Davis's dismissal order as being made in contemplation of an immediate refiling of the application since she was never afforded an option of either proceeding with her case on September 9, 1997 or dismissal. Alternatively, Blanken characterizes Examiner Davis's conduct in issuing the order as being taken without authority since it was done in response to a request for a continuance. Thus, Blanken contended that either petitioners' motion to dismiss the refiled application should be denied or the original application should be reinstated in light of the fact that the September 4, 1997 Order dismissing the Application was issued "[w]ithout a written request from Claimant, or any agreement from parties," and created the "problem [as to] ... whether the reapplication ... was timely." On February 9, 1998, Hearing and Appeals Examiner David L. Boddie denied the motion to dismiss and a formal hearing was held on March 2, 1998.

In his January 19, 1999 Compensation Order, Examiner Boddie rejected the petitioners' argument that Blanken's September 11, 1997 Application for Hearing was time-barred because it was filed one year and eight months after Blanken received the last compensation payment under the January 1996 Compensation Order. Examiner Boddie, applying the doctrine of equitable tolling, concluded that Blanken's application had been timely filed. To support this conclusion, Examiner Boddie relied on the language of Examiner Davis's September 4, 1997 Order which dismissed the case without prejudice and remanded it to the OWC "for such further action as may be warranted, until Claimant files a new Application for Formal Hearing, which application has been enclosed for Claimant's convenience." Examiner Boddie found that

Examine[r] [Davis's] dismissal order ... reflects an awareness on [the Examiner's] ... part of the claimant's desire to have her claim heard as soon as possible, and an intent on the part of the Hearing Examiner to meet that desire by dismissing the case without prejudice and enclosing an application for hearing for refiling with the order of dismissal.

Examiner Boddie also noted, citing *Fereira v. District of Columbia Department of Employment Servs.*, 531 A.2d 651, 655 (D.C.1987), that finding Blanken's claim time-barred "would be inconsistent with the underlying humanitarian purposes of the Act that its provisions are to be liberally construed for the benefit of claimant's (sic) and reflecting a strong legislative policy favoring awards in arguable cases."

With respect to the merits of Blanken's request for modification, Examiner Boddie credited Dr. Schneider's testimony that Blanken's condition had progressively worsened. Dr. Schneider testified during his deposition regarding his May 23, 1997 follow-up independent medical evaluation in which he found that Blanken's condition had worsened since his last medical evaluation in January 1995, due to increased swelling of her left knee, decreased range of motion in her knee, significant arthritis in the knee, and no remaining joint space left on the medial side. Based on that evaluation, he concluded that Blanken had a thirty-five percent impairment of the left lower extremity as a result of her November 27, 1992 work-related injury. Thus, Blanken was entitled to a modification of the January 19, 1996 Compensation Order pursuant to D.C.Code § 36–324 and an additional award of fifteen percent based on the schedule reflected in D.C.Code § 36–308(3)(B) (1997).[2] On October 20, 2000, the Director of DOES affirmed the Examiner's conclusions. Petitioners now request that we review the Director's decision with respect to the timeliness of both of Blanken's applications for a hearing requesting modification.

## II.

Petitioners first argue that the Director erred in concluding that Blanken's refiled Application for Hearing with respect to the modification of the January 1999 Compensation Order was timely filed.[3] In addition, petitioners argue that even if the second application was timely, the first application was not because it was defective—1) the application did not indicate that claimant sought modification of the prior order based on a change of condition pursuant to D.C.Code § 36–324, and 2) there was no evidence of a change of condition as of the December 31, 1996 filing. Blanken responds that the September 4, 1997 *sua sponte* dismissal without prejudice should be deemed void, that her September 11, 1997 refiling should relate back to her original December 31, 1996 application, and that there was in fact sufficient evidence warranting a modification based on a change in condition. We conclude that Blanken's application for a modification hearing was timely; however, we remand to give the Director the opportunity to determine what evidence is required at the time of filing an application for modification to support a reasonable belief that there is a change in condition.

We review the Director's decision to determine whether it is supported by substantial evidence, which is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Morrison v. District of Co-*

2. D.C.Code § 36–308(3)(B) provides "[i]n case of disability partial in character but permanent in quality, the compensation shall be 66⅔% of the employee's average weekly wages ... and shall be paid to the employee, as follows: ... (B) Leg lost, 288 weeks' compensation."

3. Although Employer challenges the decisions of both the Examiner and the Director, "it is the Director's final decision, not the examiner's, which may be reviewed in this court." *See Capitol Hill Hosp. v. District of Columbia Dep't of Employment Servs.*, 726 A.2d 682, 685 n. 2 (D.C.1999).

*lumbia Dep't of Employment Servs.*, 736 A.2d 223, 224–25 (D.C.1999). However, we review questions of law *de novo,* "deferring to the Director's interpretation of the statute it enforces *unless* the interpretation conflicts with the statute, is inconsistent with the [governing] regulation, or otherwise is contrary to established legal doctrine." *Id.* at 225 (internal quotations and citations omitted and emphasis added).

### A. Timeliness of Second Application

■ We began first, where the Director did, with the timeliness of the second application. Petitioner contends that the Director erred as a matter of law in concluding that Blanken's second application for a hearing, which was filed after the one-year statute of limitation had run, was timely. D.C.Code § 36–324(a) provides that

[a]t any time prior to 1 year after the date of the last payment of compensation ... the Mayor may, upon his own initiative or upon application of a party in interest, order a review of a compensation case ... where there is reason to believe that a change of conditions has occurred .... [4]

The review ordered pursuant to § 36–324(a) is confined to new evidence regarding the alleged change of condition. *See* § 36–324(b). Following the review, "the Mayor shall issue a new compensa-

tion order which may terminate, continue, reinstate, increase, or decrease such compensation previously paid, or award compensation." *Id.* at § 36–324(c). Thus, § 36–324 provides a mechanism for reviewing "issues previously decided in compensation orders and, when appropriate, for the modification of such orders." *Walden v. District of Columbia Dep't of Employment Servs.*, 759 A.2d 186, 191 (D.C.2000); *see also Capitol Hill Hosp.*, 726 A.2d at 685; *Short v. District of Columbia Dep't of Employment Servs.*, 723 A.2d 845, 850 (D.C.1998).

In this case, Examiner Davis dismissed the original application without prejudice and remanded the matter to the OWC on September 4, 1997.[5] Shortly thereafter, Blanken refiled her application. Petitioners filed a motion to dismiss the refiled application with prejudice contending that it was untimely. On January 27, 1998, and prior to the ruling by the hearing examiner on petitioner's motion to dismiss the application with prejudice, the claimant filed a motion to reinstate her original application. On February 9, 1998, the hearing examiner denied the motion to dismiss with prejudice without ruling on the motion to reinstate the application.

■ When concluding that the refiled application was timely, both the Examiner

---

4. The Mayor has delegated his duties under the Act to DOES pursuant to Mayor's Order No. 82–126, 29 D.C.Reg. 2843 (1982). *Washington Metro. Area Transit Auth. v. District of Columbia Dep't of Employment Servs.*, 703 A.2d 1225, 1228 n. 5 (D.C.1997).

5. We, like the complainant, are unsettled by the Examiner's *sua sponte* decision to dismiss the application in response to a motion for continuance. The September 2, 1997 request for a continuance presented Hearing Examiner Davis with two options, either to grant or deny the request. If the request was denied, and Blanken failed to appear at the hearing, a dismissal would have been warranted. Instead, the Examiner issued an order simultaneously denying the request for continuance and dismissing the application. The dismissal was premature in light of the fact that Blanken was not given the option of proceeding with other counsel on the scheduled hearing date. Although we believe that it is reasonable to infer that Examiner Davis attempted to ensure the viability of Blanken's application by *dismissing it without prejudice* and remanding it to the OWC "until Claimant files a new Application for Formal Hearing," such an approach was a procedurally ill-advised in light of the one year filing requirement associated with such applications.

and the Director, in their written decisions, applied the doctrine of equitable tolling. The Director's reliance on the doctrine of equitable tolling, however, presents significant difficulties and we believe that there is a more appropriate analysis. *See Greycoat Hanover F St. Ltd. P'ship v. Liberty Mut. Ins. Co.,* 657 A.2d 764, 767 (D.C.1995) (appellate court may affirm on alternative grounds). After reviewing the record, we are convinced that the first application was before Hearing Examiner Boddie, not the second, and thus the Director did not need to reach the issue of whether the statute tolled. Examiner Boddie had before him two motions—petitioner's motion to dismiss contending that the second application was untimely and claimant's motion to reinstate. Although Examiner Boddie did not rule on the latter, it is reasonable to infer that the examiner's denial of appellants' motion to dismiss with prejudice was the functional equivalent of the hearing examiner granting claimant's motion for reinstatement.[6] *Cf. District of Columbia v. Peters,* 527 A.2d 1269, 1273 (D.C.1987) (concluding that although the trial court did not rule on a motion to strike the only testimony relating to the requisite standard of care, by letting the jury consider the issue, the court implicitly ruled against the motion). It is obvious that neither of the examiners intended any procedural irregularities to affect the continuing validity of Blanken's application. *See Ferreira,* 531 A.2d at 658–59 (noting "flexibility and informality" for workers' compensation proceedings.); Thus, since the motion to reinstate was, for all practical purposes, granted, the action was restored "to it predismissal status and hence no statute of limitations question [is] present." *See York & York Constr. Co.,* 296 A.2d at 712.[7]

### B. Timeliness and Form of First Application

■ Petitioners next argue that Blanken's initial application for modification should have been dismissed because there was no evidence of a change of her physical condition as of December 31, 1996, the date the application was filed. On the contrary, they argue, such evidence was not available until May 23, 1997, the date of Dr. Schneider's follow-up independent medical evaluation. Furthermore, petitioners contend that when the application was filed on December 31, 1996, it did not indicate that Blanken sought modification of the prior order based on a change in condition pursuant to D.C.Code § 36–324. During oral arguments, petitioners characterized the December 31, 1996 filing as an impermissible "protective filing." Although these arguments were raised at the

6. At oral arguments, counsel for petitioners insisted that Blanken's proper recourse after the dismissal without prejudice was to appeal the dismissal order in order to avoid a time-bar. However, because we interpret the denial of a dismissal without prejudice to be the functional equivalent to reinstatement of the claim, particularly in light of Examiner Davis's efforts to maintain the viability of the claim, we conclude that Blanken properly sought reinstatement rather than an appeal. *See York & York Constr. Co. v. Alexander,* 296 A.2d 710, 715 n. 15 (D.C.1972).

7. Blanken suggests we simply declare Examiner Davis's dismissal without prejudice void, relying on *Council of School Officers v. Vaughn,* 553 A.2d 1222, 1228 (D.C.1989). However, we find that the facts there are sufficiently distinguishable not to warrant our reliance on that case. *Vaughn* involved the Superior Court hearing a case over which it lacked subject matter jurisdiction. *Id.* We remanded the case to the trial court to vacate its judgment as void and dismiss for lack of jurisdiction. *Id.* Clearly, Examiner Davis had jurisdiction over the case when she made her decision to dismiss it. We also need not reach Blanken's constitutional argument in light of our conclusion that the application was timely filed.

agency level, for some unknown reason, neither the Director, nor the Hearing Examiner addressed them.

■■■ The Act provides that the DOES "may, upon [its] own initiative or upon application of a party in interest, order a review of a compensation case ... where there is *reason to believe* that a change of conditions has occurred which raises issues concerning ... [t]he fact or the degree of disability or the amount of compensation payable pursuant thereto." D.C.Code § 36–324 (emphasis added). The "reason to believe" standard expressed in the statute requires "an affirmative factual showing that a change of conditions has occurred," and only upon such a showing will an evidentiary hearing be afforded. *Washington Metro. Area Transit Auth.,* 703 A.2d at 1229. "While something short of full proof is required to meet the 'reason to believe' standard, a preliminary examination of evidence is contemplated." *Id.* at 1230 (citing *Snipes v. District of Columbia Dep't of Employment Servs.,* 542 A.2d 832, 834 (D.C.1988)). "For purposes of her entitlement to a hearing, [claimant]'s burden of demonstrating a change of condition under section 36–324 is a light one." *Walden,* 759 A.2d at 191. The claimant benefits from the presumption of compensability if she provides "*some evidence* of (1) a change in the fact or the degree of disability, and (2) some initial work-related injury that caused the previous disability." *Id.* (internal citations omitted and emphasis in the original). However, "where the moving party fails to offer any evidence warranting a modification of the award, the nonmoving party should prevail under the statute even if he produces no evidence at all." *Washington Metro. Area Transit Auth.,* 703 A.2d at 1231.

■■■ Although this court has elaborated on the "reason to believe standard," this case presents questions we have not previously addressed. Specifically, we are asked to determine whether petitioner has satisfied the "reason to believe" requirement by presenting evidence of a change of condition using medical evidence obtained *after* the filing of the application for modification. We are also asked 1) whether such an analysis is even necessary since the employer did not request a hearing pursuant to *Snipes,* 542 A.2d at 834, and 2) what is the proper form of an application for modification. These issues require interpretation of the relevant statute. We have noted on several occasions that "[i]t is axiomatic in our jurisprudence that we 'accord considerable weight to an agency's construction of a statute which the agency administers.'" *Munson v. District of Columbia Employment Servs.,* 721 A.2d 623, 626 (D.C.1998) (quoting *Washington Post v. District of Columbia Dep't of Employment Servs.,* 675 A.2d 37, 40 (D.C.1996) (citations omitted)). "We can fully do so, however, only in the context of agency determinations that reflect the careful legal and policy analysis required in making choices among several competing statutory interpretations, each of which has substantial support." *Id.* at 262–27 (citing *Sibley Mem'l Hosp. v. District of Columbia Dep't of Employment Servs.,* 711 A.2d 105, 108 (D.C.1998)). "Even though the court has the last word on the law, it is also important that the Director of DOES address this issue in the first instance in light of its importance and the agency Director's responsibility within the agency for interpreting the statute which the agency administers." *Vieira v. District of Columbia Dep't of Employment Servs.,* 721 A.2d 579, 584 (1998) (citing *KOH Sys. v. District of Columbia Dep't of Employment Servs.,* 683 A.2d 446, 449 (D.C.1996)). Because the Director has not addressed these is-

sues in the past decisions,[8] nor were the issues addressed in the present case, we must remand the case so these issues can be addressed in the first instance by DOES. *See Munson,* 721 A.2d at 627 (citing *Wells v. District of Columbia Dep't of Employment Servs.,* 513 A.2d 235, 242 (D.C.1986)); *see also Sibley Memorial Hosp.,* 711 A.2d at 108; *Coumaris v. District of Columbia Alcoholic Beverage Control Board,* 660 A.2d 896, 902 (D.C.1995); *Rafferty v. District of Columbia Zoning Comm'n,* 583 A.2d 169, 176 (D.C.1990); *Long v. District of Columbia Dep't of Employment Servs.,* 570 A.2d 301, 302 (D.C. 1990)).

*So ordered.*

---

**8.** We did find one case, however, that is arguably analogous to the issue of the proper form of the application for modification, but it clearly does not establish a standard that could be applied to subsequent cases. *See Dorchy v. Washington Metro. Area Transit Auth.,* OWC No. 278529, OHA No. 98–173 (Feb. 29, 2000) (noting that timely and adequate notice was given to the employer of the issue when the claimants application stated the issue presented for resolution is that "nature and extent of disability").